## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

LISA Y. HARPER,    )
          )
    Plaintiff,  )
          )
v.         )    CV423-104
          )
HONORABLE CHRISTINE E. )
WARMUTH, Secretary of  )
the Army,      )
          )
    Defendant.  )

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Lisa Y. Harper filed a Complaint alleging that she was subjected to unlawful employment conditions.[1] *See generally* doc. 1. She also moved to pursue this case *in forma pauperis*. Doc. 2. After reviewing plaintiff's application, she does not appear indigent and her

---

[1] Harper's Complaint is not signed. *See generally* doc. 1; *see also id.* at 5. The Clerk directed her to correct the deficiency within fourteen days. *See* doc. 5. Harper has also filed an "Amended Complaint" that appears broadly similar to an addendum to her original Complaint. *Compare* doc. 7 at 1-6, *with* doc. 1 at 7-12. That document was also not signed. *See* doc. 8. The Clerk, again, directed her to correct the deficiency. *Id.* She has submitted a copy of the final page of her "Amended Complaint" with her signature. *See* doc. 9. She has not, however, submitted a signed copy of her original Complaint. *See generally* docket. Harper is advised that failure to comply with all of the Clerk's directions may subject her case to dismissal, regardless of the disposition of her request to proceed *in forma pauperis*. *See, e.g.,* Fed. R. Civ. P. 41(b)

motion for leave to proceed IFP should be **DENIED**.  Doc. 2.  Her request for court-appointed counsel is also **DENIED**.  Doc. 6.

In her application to proceed *in forma pauperis*, Harper discloses that she is employed and makes $2,200 per month.  *See* doc. 2 at 1.  She also discloses that she receives an additional $950.00 per month in disability income.  *Id.*  She discloses that she has $150.00 in cash in a checking or savings account.  *Id.* at 2.  She discloses $1,828 in monthly expenses.  *Id.*  Based on her disclosed income and expenses, then, she has approximately $1,300 per month in discretionary income.

While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing his own litigation may cause some difficulty is not sufficient to relieve a plaintiff of his obligation to pay his own way where it is possible to do so without undue hardship.  *Thomas v. Secretary of Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the Court has wide discretion in ruling on IFP application, and should grant the privilege "sparingly" in civil cases for damages).  Two important points must be underscored.  First, proceeding IFP is a privilege, not an entitlement.  *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory*

*Council*, 506 U.S. 194, 198 (1993).  Second, courts have discretion to afford litigants IFP status; it's not automatic.  28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary).  Given Harper's disclosed income, which exceeds her disclosed expenses, she is not indigent.  Accordingly, her application to proceed *in forma pauperis* should be **DENIED**.[2]  Doc. 2. Should the assigned district judge agree with this recommendation,

---

[2]  If Plaintiff believes the Court has misconstrued her financial situation, her opportunity to object to this Report and Recommendation, discussed below, provides her an opportunity to clarify it.  She is reminded that any submission regarding her finances must be truthful.  To the extent that Harper wishes to clarify her financial condition, she is **DIRECTED** to complete Form AO 239 (Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)).  The Clerk is **DIRECTED** to send Harper a blank copy of Form AO 239 with this Report and Recommendation for her convenience.

Plaintiff should be afforded 21 days from the date of the district judge's order to pay the filing fee. *See* S.D. Ga. L. Civ. R. 4.2(2).

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Harper has also submitted a document, in the nature of correspondence, which states, in its entirety: "Your Honor, I am also asking for representation, due to financial hardship [and] difficulty finding representation. Thank you. Sincerely, Lisa Y. Harper." Doc. 6 at 1. The Clerk reasonably construed the document as a request for court-appointed counsel. For the reasons explained below, it is **DENIED**. Doc. 6.

First, correspondence is not the appropriate way to request any relief. *See In re Unsolicited Letters to Federal Judges*, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000) ("[I]f a litigant seeks judicial action of any sort . . ., it must be contained within a *motion* . . . [, i]t cannot be requested in a personal *letter* to a judge."). Motions also get placed on the Court's "pending motions" list, while letters do not (hence, they might be inadvertently ignored). The Federal Rules of Civil Procedure also require that requests that the Court take action be made "by motion." Fed. R. Civ. P. 7(b)(1). Finally, letters do not comply with the various other procedural requirements imposed by the Federal Rules. Despite the

procedural impropriety of requesting relief by letter, the Court is obligated to liberally construe *pro se* filings. *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007). It, therefore, follows the Clerk's construction of the document as a motion.

Harper has no constitutional right to counsel in this civil case. *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." *Id.* (citing *Bass*, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).

The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court.

Where the facts and issues are simple, he or she usually will not need such help." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)).  At this stage in the proceeding, Harper has presented "the essential merits" of her position to the Court.   There is, therefore, no indication of any "exceptional circumstance" that warrants appointment of counsel. *Fowler*, 899 F.2d at 1096.  Harper's motion is, therefore, **DENIED**.  Doc. 6.

       **SO ORDERED AND REPORTED AND RECOMMENDED**, this 25th day of April, 2023.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA