IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| LISA Y. HARPER, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. CV423-104 |
| HONORABLE CHRISTINE E. WORMUTH, Secretary of the Army, Department of the Army, Equal Employment, | ) |
| Defendant. | ) |

## O R D E R

Before the Court is the Magistrate Judge's April 25, 2023, Report and Recommendation (Doc. 10), to which no objections have been filed. The Magistrate Judge previously recommended that pro se Plaintiff Lisa Y. Harper's Application to Proceed In Forma Pauperis ("IFP") be denied. (Doc. 10.) Although Plaintiff has not submitted an objection, she has submitted a superseding application. (Doc. 12.) Since that application provides additional financial information, it supersedes her prior motion and renders the Magistrate Judge's recommendation moot. The Clerk of Court is, therefore, **DIRECTED** to **TERMINATE** the prior motion (Doc. 2) and report and recommendation (Doc. 10). As discussed below, the additional financial information Plaintiff has submitted confirms that she is not indigent, and her Application to Proceed In Forma Pauperis (Doc. 12) is **DENIED**. Pursuant to the Court's Local Rules,

Plaintiff must pay the filing fee within 21 days of the service date of this order or face dismissal of her case.

As the Magistrate Judge explained, a plaintiff need not be entirely destitute to be granted leave to proceed IFP. (Doc. 10 at 2 (citing Adkins v. E.I. Dupont de Nemours, 335 U.S. 331, 339, 69 S. Ct. 85, 89, 93 L. Ed. 43 (1948)).) However, the fact that the cost of litigation may be financially difficult is not sufficient. Instead of evaluating an applicant's poverty in general, courts must "compar[e] the applicant's assets and liabilities in order to determine whether [she] has satisfied the poverty requirement." Thomas v. Chattahoochee Jud. Cir., 574 F. App'x 916, 917 (11th Cir. 2014) (citing Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307-08 (11th Cir. 2004)). Leave to proceed IFP is a "privilege" that should be granted "sparingly." Id. at 916 (citing Martinez, 364 F.3d at 1306).

The Magistrate Judge compared the assets and liabilities disclosed in Plaintiff's prior application and concluded that "she ha[d] approximately $1,300 per month in discretionary income." (Doc. 10 at 2.) He invited Plaintiff to clarify her finances, (id. at 3 n.2), and she has done so, (Doc. 12). Plaintiff's more detailed financial disclosure states that her average income during the past twelve months totaled $5,808.30. (Id. at 2.) She anticipates that her income will decrease to $4,675.00 next month. (Id.) She discloses that she has approximately $250 in cash. (Id.)

2

She discloses approximately $3,775.50 in expenses.[1] (Id. at 4-5.) Based on those disclosures, Plaintiff has approximately $900 in monthly discretionary income. Plaintiff states that, based on her employment's effect on her eligibility for other benefits, her monthly income may decrease by $1,451. (Id. at 6.) However, she expresses some uncertainty that the decrease will occur and does not state when it will occur, assuming that it will. (See id. (stating she "believe[s]" her income has exceeded the threshold for the benefit she currently receives and "think[s]" her monthly income will decrease at some undisclosed time).) Given that Plaintiff's reported assets and liabilities disclose current monthly discretionary income more than sufficient to pay the required filing fee, her motion to proceed IFP is **DENIED**. (Doc. 12.)

---

[1] The Court's calculation of her expenses gives Plaintiff the benefit of several ambiguous disclosures. She lists $500 in "medical and dental expenses," but unlike the other expenses disclosed, she does not indicate whether that is a monthly expense. (See Doc. 12 at 4.) The Court has assumed that it is.

3

Pursuant to the Court's Local Rules, Plaintiff is **DIRECTED** to submit the appropriate filing fee within 21 days of the service date of this order. S.D. Ga. L.R. 4.2(2). Plaintiff is advised that failure to make timely payment will result in dismissal of her case. Id.

SO ORDERED this 24th day of May 2023.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA