## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

LISA Y. HARPER,           )
                             )
           Plaintiff,     )
                             )
v.                         )           CV423-104
                             )
HONORABLE CHRISTINE E.   )
WORMUTH,              )
                             )
           Defendant.   )

## **REPORT AND RECOMMENDATION**

The Court previously directed *pro se* plaintiff Lisa Y. Harper to show cause why her case should not be dismissed for her failure to timely serve Defendant. *See* doc. 14. Harper has responded. *See* doc. 16. She states, "[a]fter paying the filing fee, [she] was not sure if [she] was supposed to hear confirmation from anyone to move forward." *Id.* She also states that she is seeking representation. *Id.* She requests "at least ten more days," but it is unclear whether she is seeking an extension of her deadline to respond more fully to the show-cause order or an additional ten days to effect service. *Id.* To the extent that she seeks additional time to respond to the show-cause Order, she is free to file any

1

additional response during the fourteen-day objections period, discussed below.

Rule 4(m) requires the Court to dismiss a case for failure to timely serve unless the plaintiff shows "good cause" for the failure. Fed. R. Civ. P. 4(m). "Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (quotation marks and alterations omitted). The Court cannot find that Harper's confusion concerning her responsibility to prosecute this case is "good cause" to extend her deadline under Rule 4(m). *See, e.g., Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* . . . litigant is in court, [she] is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."); *see also, e.g., Daker v. Donald*, 2008 WL 1766958, at *4 (N.D. Ga. Apr. 14, 2008) ("[V]irtually every court to have addressed the issue has rejected the position that a plaintiff's *pro se* status and ignorance of the Federal Rules excuses noncompliance with Rule 4(m)[ ]").

Even in the absence of good cause, however, the Court must consider whether any other circumstances warrant an extension based on the facts of the case. *Lepone-Dempsey*, 476 F.3d at 1282. *Lupone-Dempsey*, relying upon the Advisory Committee's note to Rule 4(m), identified a non-exhaustive list of circumstances that might warrant extension in the absence of good cause. *Id.* ("Although not an exhaustive list, the Committee explained that '[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'"). Although, as discussed below, the statute of limitations factors in the Court's analysis, it does not warrant extension of Harper's service deadline.

Harper's Complaint[1] alleges violations of "Title VII," presumably of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA"), and Section 501 of the Rehabilitation Act of 1967. *See* doc. 1 at 3. She also suggests violations of the Family Medical Leave Act ("FMLA"). *See, e.g.,* doc. 1 at 7; doc. 7 at 1. Her factual allegations, the

---

[1] Harper submitted a document titled "Statement of Claim Continued (Amended)." *See* doc. 7. When that document was filed, Plaintiff was entitled to amend her Complaint as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). While it is not a free-standing amended complaint, the Court has considered it in the discussion below.

details of which are not relevant to this analysis, indicate that her employment was terminated in May 2020.  *See* doc. 1 at 12.  Without considering the substance of her factual allegations, it is clear that any claim Harper asserts under the cited statutes was barred when she filed her Complaint.

The Supreme Court has explained that "[b]efore a federal civil servant can sue his employer in court for discriminating against him in violation of Title VII, he must first exhaust his administrative remedies." *Green v. Brennan*, 578 U.S. 547, 552-53 (2016) (citing 42 U.S.C. § 2000e-16(c)).  That requires, "among other things, that a federal employee consult with an EEO counselor prior to filing a discrimination lawsuit. Specifically, he must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." *Id.* (internal quotation marks and citation omitted).  "A complainant pursuing a claim under either Title VII or the Rehabilitation Act abides by the same federal regulations with respect to the processing of [her] discrimination claim by a federal agency." *Fortune v. Holder*, 767 F. Supp. 2d 116, 119-20 (D.D.C. 2011).  The Eleventh Circuit has held that

the limitations period under Title VII also applies to federal employees' ADEA claims.  *See Edwards v. Shalala*, 64 F.3d 601, 606 (11th Cir. 1995) (citing 42 U.S.C. § 2000e-16(c)).  "Generally, when the claimant does not initiate contact within the 45-day charging period, the claim is barred for failure to exhaust administrative remedies."  *Shiver v. Chertoff*, 549 F.3d 1342, 1344 (11th Cir. 2008); *see also, e.g., Brady v. Postmaster General, U.S. Postal Service*, 521 F. App'x 914, 916 (11th Cir. 2013) (noting application of procedural rules to both Title VII and ADEA claims); *Smith v. Sec'y, U.S. Dept. of the Army*, 2022 WL 1053266, at *2 (11th Cir. Apr. 8, 2022) (applying procedural rules to Rehabilitation Act claim).  Harper alleges that her employment was terminated on or about May 20, 2020. *See* doc. 1 at 12.  There is no indication that she made any effort to administratively exhaust her claims between that date and her filing of the instant Complaint in 2023, much less within forty-five days of her termination.  It, therefore, appears that any claim she asserts under Title VII, the Rehabilitation Act, or ADEA is barred for her failure to timely exhaust her administrative remedies.

Harper's FMLA claims fail for the more straightforward reason that "this Court lacks subject matter jurisdiction of Plaintiff's FMLA claims

because the United States has not waived its sovereign immunity with respect to FMLA claims by federal employees." *Baldwin v. Shinseki*, 2012 WL 4466331, at *2 (N.D. Fla. May 9, 2012); *see also, e.g., Armstrong v. United States*, 2021 WL 6101492, at *1 (11th Cir. Dec. 21, 2021) ("[Plaintiff] was a federal employee, and thus, she could not bring an FMLA claim against the government under Title I. [Cit.] And Title II of the FMLA does not provide a private cause of action, so the United States has not waived its sovereign immunity to FMLA claims. [Cit.] Therefore, the district court did not err by dismissing her FMLA claims on this basis." (citations omitted)). Courts have recognized that FMLA claims against the Secretary of the Army brought by civilian employees are properly dismissed for lack of subject matter jurisdiction. *See, e.g., Berg v. McHugh*, 2015 WL 9024622, at *7-*8 (N.D. Cal. Dec. 16, 2015).

Plaintiff has not shown good cause for her failure to timely serve Defendant. The Court has considered "whether any other circumstances warrant an extension of time based on the facts of the case." *Lepone-Dempsey*, 476 F.3d at 1282. Harper's pleadings, to date, do not identify any circumstance that would warrant an extension of time. Moreover, as discussed above, it appears that her various employment-related claims

6

are subject to fatal and non-amendable defects. Given those defects, any additional time to serve the Complaint would be futile. *See, e.g., Fernandez v. Wells Fargo Home Mortg.*, 2011 WL 13319201, at *4-*5 (N.D. Ga. Apr. 15, 2011) (denying additional time to serve for, among other reasons, "the fact that the claims in the complaint appear to be time-barred or otherwise without merit"). Accordingly, Plaintiff's Complaint should be **DISMISSED** without prejudice pursuant to Rule 4(m). Her request for additional time should, therefore, be **DENIED**. Doc. 16.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The

district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 3rd day of October, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA